

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

December 20, 1976

The Honorable Jackie St. Clair     Opinion No. H-911
Commissioner
Texas Department of Labor &     Re: Whether Texas Health
·Standards     and Safety Laws conflict
P. O. Box 12157, Capitol Station     with the Federal Occupa-
Austin, Texas   78711     tional Safety and Health
    Act of 1970 or the Federal
    Coal Mine Health and Safety
    Act.

Dear Commissioner St. Clair:

You have requested our opinion regarding possible
federal preemption of a number of state health and safety
laws. Specifically, you inquire about the present status of
article 5182, V.T.C.S., the Protection of Workmen on Buildings
statute; articles 5173-5180, V.T.C.S., the Health, Safety
and Morals Act; articles 5677-5679, V.T.C.S., the Cotton
Bailing Act; and articles 5892, 5901-5920, V.T.C.S., which
regulate coal mining operations.

Article 5182a, V.T.C.S., the Occupational Safety Act,
enacted in 1967, superseded the provisions of the Cotton
Bailing Act and the coal mining regulatory statutes, with
the exception of article 5920, which was reenacted in 1969.
Section 18 of the Occupational Safety Act provides:

> All laws or parts of laws in conflict with
> the provisons of this Act are hereby super-
> seded by the provisions of this Act to the
> extent of such conflict. Acts 1967, 60th
> Leg., ch. 201 at 441.

p. 3822

Section 15(b), however, specifically exempts article 5182 and articles 5173-5180.  Thus, the question of federal preemption is present with regard to article 5182, articles 5173-5180 and article 5920.

In 1970, Congress enacted the Occupational Safety and Health Act, 29 U.S.C. §§ 651-678, which established a broad federal scheme to regulate industrial health and safety conditions.  Although the preemptive nature of the statute is evident, section 667 provides:

> Nothing in this chapter shall prevent any State agency or court from asserting jurisdiction under State law over any occupational safety and health issue with respect to which no standard is in effect under section 655 of this title.

Any state which "desires to assume responsibility for development and enforcement . . . of occupational safety and health standards" is required to submit a state plan to the Secretary of Labor, who is empowered to exercise both initial approval authority and continuing supervision over the state regulations. 29 U.S.C. § 667(b)-(f).  Thus, in determining whether article 5182 and articles 5173-5180 are still in effect, it is necessary to ascertain whether standards have been promulgated in a particular area under 29 U.S.C. § 655.  To the extent that such standards have been promulgated, as, for example, with regard to the construction industry and in most particulars of the Health, Safety and Morals Act, the state statutes are superseded by federal law, absent a statewide plan approved by the Secretary of Labor under 29 U.S.C. § 667(b).

Article 5920, which, as we have previously noted, was reenacted in 1969 and was thus saved from the repealer provisions of article 5182a, requires bath facilities for employees of coal mines.  The Federal Coal Mines Health and Safety Act, 30 U.S.C. §§ 801-960, provides, in section 955:

> (a)  No State law in effect on December 30, 1969 or which may become effective thereafter shall be superseded by any provision of this chapter or order issued or any mandatory health or safety standard, except insofar as such State law is in conflict with this chapter or with any order issued or any mandatory health or safety standard.

(b)   The provisions of any State law or
regulation in effect upon the operative date
of this chapter, or which may become effective
thereafter, which provide for more stringent
health and safety standards applicable to
coal mines than do the provisions of this
chapter or any order issued or any mandatory
health or safety standard shall not thereby
be construed or held to be in conflict with
this chapter.   The provisions of any State
law or regulation in effect December 30, 1969,
or which may become effective thereafter,
which provide for health and safety standards
applicable to coal mines for which no provision
is contained in this chapter or in any order
issued or any mandatory health or safety standard,
shall not be held to be in conflict with this
chapter.

Section 877(1) of the federal statute grants to the Secretary
of the Interior the authority to require coal mine operators
to provide adequate facilities for miners to change clothes
and bathe.   There does not appear to be any conflict between
this provision and article 5920, and the Secretary of the
Interior has not promulgated any regulations thereunder which
would create such conflict.   See 30 C.F.R. § 70.1, et seq.
Thus, it is our opinion that the provisions of article 5920
remain in effect and, as required therein, are to be enforced
by the Commissioner of the Department of Labor and Standards.

You also inquire whether the Department of Labor and
Standards has been granted authority to promulgate standards
and enforce compliance under the Administrative Procedure
and Texas Register Act, article 6252-13a, V.T.C.S.   We do not
believe article 6252-13a confers on an administrative agency
any substantive rule-making authority that was not contained
in other statutory provisions.

S U M M A R Y

To the extent that federal standards
have been promulgated by the Secretary of
Labor pursuant to 29 U.S.C. § 655, article
5182 and articles 5173-5180, V.T.C.S., have

been superseded. Article 5920, V.T.C.S., is still in effect. The Administrative Procedure and Texas Register Act, article 6252-13a, V.T.C.S., has conferred no additional rule-making authority upon the Department of Labor and Standards.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb